(January 29, 1982)

■ In the Matter of BARBARA L. ANDERSON, Respondent, v ROBERT G. ANDERSON, Appellant. — Appeal dismissed upon stipulation. (Appeal from order of Cattaraugus County Family Court, Crowley, J. — enforce support decree.) Present — Simons, J. P., Hancock, Jr., Callahan and Denman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES E. FRISBIE, Respondent, v BOARD OF PAROLE OF STATE OF NEW YORK, Appellant. — Appeal withdrawn as moot. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J. — habeas corpus.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN DULMAGE, Appellant. — Judgment unanimously modified, on the law, and, as modified, affirmed, in accordance with the following memorandum: A single indictment charged defendant in Count No. 1 with driving while intoxicated (Vehicle and Traffic Law, § 1192, subd 3, a felony because of a previous conviction; see Vehicle and Traffic Law, § 1192, subd 5) and in Count No. 2 with operating a motor vehicle while his license was revoked (Vehicle and Traffic Law, § 511). After the direct testimony of the first witness, the trial court, concerned that the proof on Count No. 2 (the underlying revocation was based on a plea of guilty to refusal to take a breathalyzer test) would affect the jury's consideration of Count No. 1 bifurcated the trial over defendant's objection. In this unusual procedure, the court permitted the trial to go forward on Count No. 1 only. The jury found defendant guilty of the lesser included charge of driving while ability impaired (Vehicle and Traffic Law, § 1192, subd 1). The next day the court permitted a further trial on Count No. 2 before the same trial jurors. There were new openings, additional proof and summations, and another charge to the jury. The jury found defendant guilty as charged on that count. The conviction on Count No. 2 is reversed and that count of the indictment dismissed because with respect to that charge defendant was exposed to double jeopardy. Jeopardy had clearly attached in the first trial before the court "withdrew" the second charge (see CPL 40.30, subd 1, par [b]). Defendant was then subjected to a second trial on that charge before a jury which had already found him guilty on a charge arising from the same incident (cf. *United States v Stratton,* 649 F2d 1066). The procedure was not compelled by "manifest necessity" — indeed, on the second trial the certificate of conviction underlying the license revocation was redacted to omit any reference to the predicate refusal to take the breathalyzer test. We have examined the other contentions raised on appeal and find them to be without merit. (Appeal from judgment of Ontario County Court, Reed, J. — driving while impaired, etc.) Present — Dillon, P. J., Simons, Hancock, Jr., Doerr and Schnepp, JJ.